UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES B. HASKINS and JANET HASKINS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:05CV02335 AGF |
| NLB CORPORATION, ROBINSON SERVICES, INC., and DAIMLER CHRYSLER CORPORATION, | ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendant Daimler Chrysler Corporation (DCC) to dismiss the complaint against it for lack of subject matter jurisdiction.[1] DCC argues that Plaintiff's claims against it in this diversity action are precluded by the Missouri Workers' Compensation Law (MWCL). For the reasons set forth below, the motion shall be granted.

## **BACKGROUND**

The record establishes that Plaintiff James B. Haskins suffered injuries to his left leg on December 4, 2005, while working at DCC's St. Louis, Missouri, complex at the direction and under the supervision of Defendant Robinson Services, Inc.[2] The injury

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

[2] In its answer, this Defendant asserts that its name in Robinson Solutions, Inc.

occurred when a disengaged pipe from a Spin Jet, a high pressure paint-removing device, struck Mr. Haskins' left leg. The Spin Jet was designed and manufactured by Defendant NLB Corporation. DCC paid all of Mr. Haskins' medical bills and provided him with weekly temporary total disability checks through DCC's workers' compensation program. The record shows that Mr. Haskins received and cashed the checks. Mr. Haskins and his wife, Plaintiff Janet Haskins, filed the present action on December 14, 2005, seeking damages as a result of Defendants' alleged negligence. DCC argues that this Court lacks subject matter jurisdiction because MWCL provides the exclusive remedy available to Plaintiffs against DCC in this matter. Plaintiffs do not dispute that Mr. Haskins was an employee of DCC at the time of the accident. Rather, they argue that due to an amendment to MWCL, the statute had lapsed for a period of approximately four months, during which time Mr. Haskins' accident occurred.

## **DISCUSSION**

MWCL is found at Mo. Rev. Stat. §§ 287.010-.811. Section 287.120.1 provides that employers subject to MWCL,

> shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of the employee's employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person.

Section 287.120.2 provides that "[t]he rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, [or] his wife . . . on account of such accidental injury or death, except such rights and remedies not provided for in this chapter." Thus, in Missouri, MWCL provides for the exclusive rights and

2

remedies of injured workers against their employers.  Augur v. Norfolk S. Ry. Co., 154 S.W.3d 510, 515-16 (Mo. Ct. App. 2005); Sexton v. Jenkins & Assocs., Inc., 41 S.W.3d 1, 3 (Mo. Ct. App. 2000) (MWCL applies to direct and statutory employers); Donovan v. Harrah's Maryland Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002) (same).  As recently stated by the Missouri Supreme Court, "[MWCL] is wholly substitutional in character and any rights which a plaintiff might have had at common law have been supplanted and superseded by the act, if applicable."  State ex rel. Tri-County Elec. Co-op. Ass'n v. Dial, 192 S.W.3d 708, 710 (Mo. 2006) (en banc) (citation omitted).

Prior to August 28, 2005, § 287.110.1 provided:  "This chapter shall apply to all cases within its provisions except those exclusively covered by any federal law."  On March 16, 2005, the Missouri legislature amended § 287.110.1 by adding six words, so that the new version, effective August 28, 2005, reads as follows:  "This chapter shall apply to all cases within its provisions except those exclusively covered by any federal law and those addressed in section 287.120."

On September 15, 2005, in a special legislative session, the Missouri legislature amended § 287.110.1 to remove the six words, "and those addressed in section 287.120." This new amendment did not contain an "emergency clause" which would have provided for an immediate effective date.  Mo. Rev. Stat. § 1.130 provides that a law passed by the general assembly takes effect 90 days after the adjournment on the session at which it is enacted.  The September 15, 2005 special session adjourned on that day; thus, December 14, 2005, was the 90th day thereafter, and the printed version of Mo. Rev. Stat. § 287.110.1 reflects December 14, 2005 as the effective date of the new amendment.

3

As noted above, Mr. Haskins' accident occurred on December 4, 2005. Plaintiffs argue that employees who were injured by an accident between August 28, 2005 and December 14, 2005, arising out of and in the scope of their employment, were not precluded from seeking judicial remedies against their employers. They cite the legislative history of § 287.110.1 which they argue caused MWCL to lapse, creating a window for such judicial actions. This issue was addressed by the Circuit Court of Cole County in a decision of January 6, 2006. The state court construed the amendment to § 287.110.1, "passed March 2005, effective August 28, 2005 through December 14, 2005, to mean that 'this chapter shall apply to all cases within its provisions except those exclusively covered by any federal law.'" Liberty Mut. Ins. Co. v. Hon. Jeremiah Nixon, No. 05 AC-CC00977 (Jan. 2006). In that case, the plaintiff sought a declaratory judgment that there was no lapse in the statute, arguing that the language upon which Plaintiffs here rely was a scrivener's error that should be given no effect, and that a contrary decision would lead to an absurd result. Plaintiff's attempt to distinguish Liberty Mutual on the basis that it was an action for declaratory judgment is not persuasive.

Nor is the Court persuaded by Plaintiffs' argument that this Court is not bound by this state court opinion. Missouri courts have the power to correct statutes, and even delete words "to avoid absurdity and give meaning to a statute." Bank of Belton v. State Banking Bd., 554 S.W.2d 451, 457 (Mo. Ct. App. 1977). While this Court is not bound by a state trial court opinion, this Court believes that the decision of the Liberty Mutual court is correct and would be followed by the Missouri Supreme Court. Consequently,

4

the Court concludes that MWCL did not lapse between August 28 and December 14, 2005, was in full force and effect on the date of Mr. Haskins' accident, and provides the exclusive remedy available to Plaintiffs against Daimler Chrysler.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant Daimler Chrysler Corporation dismiss the complaint against it for lack of subject matter jurisdiction is **GRANTED**. [Doc. #4]

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of August, 2006.