UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES B. HASKINS and<br>JANET HASKINS,<br><br>  Plaintiffs,<br><br>  vs.<br><br>NLB CORPORATION, ROBINSON<br>SERVICES, INC., and DAIMLER<br>CHRYSLER CORPORATION,<br><br>  Defendants. | Case No. 4:05CV02335 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiffs, James Haskins and Janet Haskins, for leave to file an amended complaint.[1] Defendants, NLB Corporation and Robinson Services, Inc., did not respond to Plaintiffs' motion in the time allotted. For the reasons set forth below, the motion shall be granted.

## BACKGROUND

The record establishes that James Haskins suffered injuries to his left leg on December 4, 2005, while working under the supervision of Robinson Services, Inc.[2] The injury occurred when a disengaged pipe from a Spin Jet, a high pressure paint-removing device, struck James Haskins's left leg. The Spin Jet was designed and manufactured by

---

  [1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

  [2] In its answer to the original complaint, this Defendant asserts that its name is Robinson Solutions, Inc.

NLB Corporation. Plaintiffs' original complaint, filed on December 14, 2005, asserted that James Haskins's injuries were the direct and proximate result of the carelessness and negligence of Defendants.[3] Janet Haskins, James Haskins's wife, asserted that as a direct and proximate result of James Haskins injuries she was deprived of the services, society, and consortium of her husband. Plaintiffs now move for leave to amend their complaint by adding a count for strict liability/product defect against NLB Corporation, and a count for punitive/exemplary damages against Robinson Solutions, Inc. Plaintiffs state in their motion that "[n]one of the dates and deadlines in the Court's current Case Management Order will be affected by Plaintiffs' filing of their Amended Complaint."

## DISCUSSION

Leave to amend a complaint "'shall be freely given when justice so requires.'" Monsanto v. Genesis AG, Ltd., 2007 WL 45789, at *1 (E.D. Mo. Jan. 5, 2007) (quoting Fed. R. Civ. P. 15(a)). Although the right to amend is not "absolute," the Eighth Circuit has indicated that "[a]mendment of pleadings is to be liberally allowed." Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). "[A]bsent a good reason for denial - such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment - leave to amend should be granted." Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)). The Court finds

---

[3] Defendant, Daimler Chrysler Corp., a party to the original complaint, filed a motion to dismiss the complaint against it. The motion was granted on August 21, 2006.

2

no "good reason" to deny Plaintiffs' unopposed motion for leave to file the proposed amended complaint.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Plaintiffs for leave to file an amended complaint is **GRANTED**. [Doc. #32]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall amend the caption to substitute "Robinson Solutions, Inc. (f/k/a Robinson Services, Inc.)" as the named defendant.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of January, 2007.