UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES B. HASKINS and <br> JANET HASKINS, <br>     Plaintiffs, <br>     vs. <br> NLB CORPORATION and ROBINSON <br> SOLUTIONS, INC. (formerly known as <br> "Robinson Services, Inc."), <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )    Case No. 4:05CV02335 AGF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court[1] on Defendant Robinson Solutions, Inc.'s motion to dismiss for lack of subject matter jurisdiction, or in the alternative, motion for summary judgment. [Doc. #38].[2] For the reasons set forth below, the Court denies Robinson Solution's motion.

On December 4, 2005, Plaintiff, James B. Haskins (hereinafter "Haskins"), was injured while operating a high-pressure paint remover called a SpinJet as part of his job working for DaimlerChrysler in the "GSO" janitorial division at an assembly plant in St. Louis County, Missouri. Haskins and his wife (hereinafter "Janet Haskins") sued his employer (DaimlerChrysler), as well as the manufacturer of the SpinJet (NLB Corporation), and a company called Robinson Solutions. At the time of the accident,

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

[2] Defendant NLB Corporation's <u>Daubert</u> motion to prohibit Plaintiff's expert from testifying concerning certain opinions [Doc. #43] will be addressed separately.

Robinson Solutions had a contract with DaimlerChrysler to provide supervisors for DaimlerChrysler's janitorial staff. It is undisputed that none of Robinson Solutions' employees were working at the DaimlerChrysler plant at the time Haskins was injured. Plaintiffs base their claim against Robinson Solutions on their assertion that Robinson Solutions was negligent by failing to "[p]roperly train all GSO employees in the safe operation of the SpinJet device" and by failing to "[r]equire that all SpinJets used by GSO employees include a safety cable securing the intake hose, pipe, quick connection and coupling shield."

In its Order dated August 21, 2006, the Court dismissed DaimlerChrysler as a Defendant for lack of subject matter jurisdiction, finding that Missouri Workers' Compensation Law ("MWCL") provides the exclusive remedy available to Plaintiffs against DaimlerChrysler in this matter.

Also seeking to shield itself with MWCL, Robinson Solutions now moves to dismiss for lack of subject matter jurisdiction or, in the alternative, for summary judgment. Robinson Solutions argues that because its supervisors were Haskins's statutory co-employees, the supervisors are entitled to the same workers' compensation immunity afforded DaimlerChrysler. As such, Robinson Solutions argues it cannot be held vicariously liable for the supervisors' actions.

As Robinson Solutions correctly asserts, "Missouri courts treat this issue as one of subject matter jurisdiction." Simpson v. Thomure, No. 06-2396, 2007 WL 1308982, at *2 (8th Cir. May 7, 2007) (citing State ex rel. Taylor v. Wallace, 73 S.W.3d 620, 623 (Mo. banc 2002)). "Therefore, a motion to dismiss is the proper way to raise the issue,

and the trial court then has the option of deciding the motion on the pleadings or receiving evidence addressing disputed jurisdictional facts." Id. (citing Risher v. Golden, 182 S.W.3d 583, 586-87 (Mo. Ct. App. 2005)). Since this issue raises only a question of law in this case, the Court can consider the motion on the pleadings.

As discussed in the Court's August 21 Order, the law in Missouri[3] regarding workers' compensation is found at Mo. Rev. Stat. §§ 287.010-.811. Section 287.120.1 provides that employers subject to MWCL

> shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of the employee's employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person.

Section 287.120.2 provides that "[t]he rights and remedies herein granted to an employee shall exclude all other rights of the employee, [or] his wife . . . on account of such accidental injury or death, except such rights and remedies not provided for in this chapter." Thus, in Missouri, MWCL provides the exclusive rights and remedies of injured workers and their employers. Sexton v. Jenkins Assocs., Inc., 41 S.W.3d 1, 3 (Mo. Ct. App. 2000).

---

[3] The parties do not dispute that Missouri law applies in this diversity case. The Court reaches the same result after applying the law of the forum state to determine which substantive law to apply. Scheerer v. Hardee's Food Systems, Inc., 92 F.3d 702, 708 (8th Cir. 1996). In Missouri, the "most significant relationship" test is used to determine which state law to apply. Horn v. B.A.S.S., 92 F.3d 609, 611 (8th Cir. 1996). In this case, the Court finds that the state of Missouri has the most significant relationship with the case because the accident occurred in Missouri. Dorman v. Emerson Electric Co., 23 F.3d 1354, 1358 (8th Cir.), cert. denied, 513 U.S. 964 (1994).

3

Although all agree that Robinson Solutions was not Haskins's actual employer, Robinson Solutions asserts, nevertheless, that it is entitled to the immunity afforded by MWCL. Robinson Solutions argues that the supervisors it provided to DaimlerChrysler by contract were the "statutory employees" of DaimlerChrysler, and because Plaintiff Haskins was the actual employee of DaimlerChrysler, Haskins and the supervisors were statutory co-employees. As such, Robinson Solutions argues that its supervisors are entitled to the same MWCL immunity afforded to DaimlerChrysler. The Court disagrees.

The statutory employer provision of MWCL extends an employer's liability to certain entities and individuals who perform work under contract with the employer and who are injured or killed on the premises, as follows:

> Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

Mo. Rev. Stat. § 287.040(1). The purpose of workers' compensation statute governing statutory employers "is to prevent statutory employers from circumventing the requirements of the Worker's Compensation Law by hiring independent contractors to perform work the employer would otherwise perform." Nichols v. Overnight Express, Inc., 156 S.W.3d 406, 409 (Mo. App. 2005); accord Brandenburg v. General Motors Corp., No. 4:05CV2103-SNL, 2007 WL 628443, at *3 (E.D. Mo. Feb. 26, 2007).

Defendant's attempt to extend DaimlerChrysler's MWCL immunity to the supervisors as statutory employees in this case fails for several reasons. First, while the

4

law recognizes that workmen's compensation benefits are a statutory employee's exclusive remedy when injured by employees of the principal/statutory employer, see, e.g., Brandenburg, 2007 WL 628443, at *4, there is no provision in MWCL which grants immunity from suit in the opposite situation – when a "statutory co-employee" injures the principal's employee during the course and scope of employment.

As Plaintiffs correctly note, the case law involving the statutory employee test arises in the context of a contract worker (the purported "statutory employee") seeking workers' compensation benefits from the employer for whom he performed work under contract, or when the contract worker is attempting to sue the employer for civil damages, and the employer is asserting that MWCL is the exclusive remedy. Robinson Solutions cites no case law in support of the extension it proposes, and the Court has found no such case law. Nor does such an expansion of the MWCL immunity provision follow from the purpose behind the statutory employer provision, which is to prevent the statutory employer from circumventing the MWCL.

Hedglin v. Stahl Specialty Company, 903 S.W.2d 922 (Mo. App. 1995), cited by Robinson, does not suggest otherwise. That case recognizes that an employee cannot sue a co-employee for injury. Id. at 926. But Hedglin addressed only the right of co-employees of the principal to sue one another; it did not discuss that proposition in the context of a statutory employment situation. Again, Robinson Solutions cites no Missouri cases or cases from analogous jurisdictions that extend this immunity to statutory co-employees.

Indeed, Missouri law would suggest otherwise. Under §287.150, a plaintiff can maintain a common law action against third party tortfeasors. James v. Poppa, 85 S.W.3d 8, 10 (Mo. banc 2002). "'Where a third person is liable to the employee . . . for the injury . . ., the employer shall be subrogated to the right of the employee . . . against such third person.'" Id. (quoting Mo. Rev. Stat. § 287.150.1). "A 'third person' is one with whom there is no master and servant relationship under the workers' compensation law." James, 85 S.W.3d at 10 (citing Schumacher v. Leslie, 232 S.W.2d 913, 918 (Mo. banc 1950)). In other words, "[n]either the exclusion clause (§ 287.120) nor the subrogation provision (§ 287.150) of the Act abolishes an employee's common law right to recover damages from a negligent 'third person' for injuries sustained by the employee while on the job." Butts v. Express Personnel Services, 73 S.W.3d 825, 832 (Mo. Ct. App. 2002) (citing Schumacher, 232 S.W.2d at 916-18 and State ex rel. W.J. Menefee Constr. Co. v. Curtis, 321 S.W.2d 713, 719 (Mo. Ct. App. 1959)). "Although the Act, via § 287.150, does subrogate the employer to the right of the injured employee to proceed against the third person, the employee may sue the third person tortfeasor without the employer joining in the suit." Butts, 73 S.W.3d at 832 (citing Schumacher, 232 S.W.2d at 916).

"A 'third person' within the meaning of the Act means 'one upon whom no liability could be entailed under the act' to provide an injured employee with workers' compensation benefits." Butts, 73 S.W.3d at 832 (citing Schumacher, 232 S.W.2d at 918). "Stated otherwise, '[a] third person is one with whom there is no master and servant relationship under the Act.'" Id. As a result, "immunity granted by the workers' compensation statutes applies only to direct, linear relationships of employment." Butts,

73 S.W.3d at 834 (citing Anderson v. Steurer, 391 S.W.2d 839, 844 (Mo. 1965)). Thus, where, as here, no actual or statutorily created employer-employee relationship exists between the plaintiff and the subcontractor, the plaintiff's common law right to sue the subcontractor in tort remains intact under § 287.150. Butts, 73 S.W.3d at 835 (citing Menefee, 321 S.W.2d at 719).

Although the Court has not found any cases in Missouri directly addressing the question of whether MWCL immunity attaches to a statutory employee who negligently causes injury to an employee of the principal, case law from other jurisdictions – while not controlling – is helpful.

The Supreme Court of Louisiana, which has interpreted the workers' compensation laws of its state in a similar fashion to Missouri law, logically explained why the employer's immunity does not extend to a subcontractor's employees, who allegedly caused harm to the principal employer's employee.

> [T]here is no provision in the statutory scheme which creates an employer-employee relationship between the subcontractor and the principal's employees. As a result, the subcontractor has no liability for compensation payments to injured employees of the principal. Without any obligation to pay benefits, the subcontractor has not participated in the mutual compromise contemplated by our workers' compensation law and is not immune from suit in tort. Further, though workmen's compensation benefits are a statutory employee's exclusive remedy when injured by employees of the principal, there is no provision in our workmen's compensation act which grants immunity from suit to a 'statutory co-employee' who injures the principal's employee during the course and scope of employment. Absent a statutory provision to the contrary, the employees of the subcontractor must be considered third persons as far as the employees of the principal are concerned and subject to proceedings in tort. ... [As such, t]he subcontractor may be liable for injuries sustained by an employee of the principal...

Johnson v. Alexander, 419 So.2d 451, 454 (La. 1982) (citations omitted). See also Thompson v. Mehlhaff, 698 N.W.2d 512, 518-19 (S.D. 2005)("The *quid pro quo* for the employer's assumption of liability for worker's compensation is immunity from suit by the employee" and because subcontractor did not pay worker's compensation benefits for principal's employee, subcontractor was "not entitled to the *quid pro quo* of immunity from suit by" principal's employee); and Thille v. E.L. Farmer & Co., Inc., 958 F.2d 328, 330-31 (10th Cir. 1992).

In the case at bar, it is undisputed that there is no linear employee-employer relationship between Plaintiff Haskins and Robinson Solutions. Additionally, Robinson Solutions did not, and was not obligated to, pay any workers' compensation benefits on Plaintiff's behalf. Robinson Solutions therefore is not entitled to immunity under MWCL and is an appropriate "third party" against which Plaintiffs could bring suit under § 287.150. Consequently, MWCL does not strip this Court of subject matter jurisdiction, and Robinson Solutions' motion to dismiss for lack of subject matter jurisdiction on this basis is denied.

In the alternative, Robinson Solutions argues that its supervisors were "borrowed servants" of DaimlerChrysler as defined by common law. As such, Robinson Solutions argues that it is not vicariously liable for their actions.

As illustrated by the contract between DaimlerChrysler and Robinson Solutions in this case, employers often loan, borrow, or share workers with other employers. "The lessor employer, the one loaning the employee to another employer, is known as the general employer." Shurvington v. Cavender Drywall, 36 S.W.2d 432, 436 (Mo. Ct.

8

App. 2001). "The lessee employer, the one borrowing the employee, is known as the special employer." Id. In this context, Robinson Solutions is the general employer, and DaimlerChrysler is the special employer. The case law recognizes that "[w]hen a general employer lends an employee to a special employer, employment by the general employer is presumed to continue and the general employer remains liable." Id. at 437. The special employer only becomes liable if there is a clear showing that the employee is a borrowed servant of the special employer. Id. If such a showing is made, and the borrowed servant doctrine applies, it "can block a general employer's vicarious liability for its employee's negligence." Wren v. Vaca, 922 S.W.2d 408, 410 (Mo. Ct. App. 1996).

In order for the borrowed servant doctrine to apply, there must be "(a) consent on the part of the employee to work for the special employer; (b) actual entry by the employee upon the work of and for the special master pursuant to an express or implied contract so to do; and (c) power of the special employer to control the details of the work to be performed and to determine how the work shall be done and whether it shall stop or continue." Wren, 922 S.W.2d at 410 (citing Ballard v. Leonard Brothers Transport Company, Inc., 506 S.W.2d 346, 350 (Mo. 1974)).

When, as in the case at bar, the general employer asserts the doctrine as a defense to a cause of action filed by a third party to recover for injuries caused by the employee in performing the special employer's work, the general employer must also establish that it totally relinquished any right of control over the employee's performance of the particular work at issue. Wren, 922 S.W.2d at 410. To escape liability, the general

employer must surrender full control of the employee in the performance of the *particular* work. Id. It is not sufficient if the servant is partially under the control of a third party. Id.

"If the general employer retains some control over the employee as he goes about the work for which he has been lent and borrowed, the 'borrowed servant' defense . . . is not available to the general employer." Cabellero v. Stafford, 202 S.W.3d 683, 691 (Mo. Ct. App. 2006) (citing Huff v. Belford Trucking Co., 809 S.W.2d 71, 73 (Mo. Ct. App. 1991)). However, "[t]he mere fact that an employee obeys the orders of the temporary employer does not necessarily make that employee a 'borrowed servant' of the temporary employer." Cabellero, 202 S.W.3d at 691. By the same token, the mere fact that the general employer or the lessor continues to pay the operator's wages and other expenses does not prevent the employee from becoming an employee of the special employer or lessee. Id. (citing Ballard, 506 S.W.2d at 350-51).

From the above analysis, it is clear that the determination of whether the borrowed servant doctrine applies raises questions of fact. The question remains whether Robinson Solutions has demonstrated in its motion for summary judgment that it is entitled to judgment as a matter of law.[4]

---

[4] Robinson Solutions had filed a motion for leave of Court to file certain pleadings [Doc. #57] with regard to its motion for summary judgment. In their pleadings opposing the motion, Plaintiffs have opposed Robinson Solutions' motion for leave. The pleadings at issue have been on file for some time and Plaintiffs have had ample opportunity to respond, and have responded to such pleadings. As such, the Court grants Robinson Solutions' motion for leave of Court to file. [Doc. #57].

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the record. Hott v. Hennepin County, Minn., 260 F.3d 901, 904 (8th Cir. 2001).

Robinson Solutions argues the facts in the case at bar clearly show that its supervisors were under the control of DaimlerChrysler. Plaintiffs respond that Defendant has not met its burden to establish the first and third factors, consent by the employee and the requisite level control by DaimlerChrysler. In support of its motion, Robinson Solutions directs the Court to the written contract between Robinson Solutions and DaimlerChrysler, and to the affidavit of a Robinson Solutions representative who interprets the contract as providing for exclusive control of the supervisors by DaimlerChrysler. Robinson Solutions also attaches portions of the depositions of Plaintiff and one of the supervisors at issue, and in its reply, summarizes the testimony of the second supervisor. This evidence, however, does not even provide a clear factual picture of who had control of the supervisors, especially as they dispensed the discretionary activities of being a supervisor, much less establish such control as a matter

of law. As such, the issue of whether the supervisors were "borrowed servants" remains a question of material fact.[5]  Accordingly, summary judgment is not appropriate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Robinson Solutions, Inc.'s motion for leave to file certain pleadings [Doc. #57] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Robinson Solutions, Inc.'s motion to dismiss or, in the alternative, for summary judgment [Doc. #38] is **DENIED**.

                                                                  _____
                                                                  AUDREY G. FLEISSIG
                                                                  UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of June, 2007.

---

[5] The Court also notes that none of the evidence provided by Plaintiffs in opposition to Robinson Solutions' motion for summary judgment provides the basis for the opposite conclusion either, i.e., that the Robinson Solutions supervisors were not "borrowed servants."